# Labaton Sucharow

**Carol C. Villegas**
Partner
212 907 0824 direct
212 907 0700 main
212 883 7524 fax
cvillegas@labaton.com

New York Office
140 Broadway
New York, NY 10005

October 20, 2020

**VIA ECF**

Hon. Lewis J. Liman
United States District Court, Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

RE:   *Quadre Investments, L.P. v. Sky Solar Holdings, Ltd., et al.*
         No. 1:20-cv-05551-LJL

Dear Judge Liman:

      We write on behalf Plaintiff Quadre Investments, L.P. ("Quadre") to explain the proposed order that we will imminently file, which order would voluntarily dismiss this Action pursuant to Federal Rule of Civil Procedure 41(a)(2) as described herein. Plaintiff has met and conferred with counsel for certain of the Defendants—members of the Buyer's Group in this action. They do not oppose voluntary dismissal. We are not aware of any party that opposes voluntary dismissal and no other party has appeared in this Action. This dismissal would be with prejudice as to Quadre but without prejudice as to any other party.

    **I.**      **Background**

      On July 17, 2020, Quadre filed a complaint in this action alleging false statements and omissions regarding the shareholder appraisal rights and valuation information in the Schedule 13E issued in the proposed privatization of Defendant Sky Solar Holdings, Ltd.

      On July 24, 2020, following discussions between counsel for Quadre and counsel for certain of the Defendants, a supplemental Securities Exchange Commission filing (the "Supplement") was made by certain Defendants addressing the issues raised by Quadre's complaint. In partial summary, it disclosed that there is a dispute regarding the existence of appraisal rights in the situation of a "short-form" merger of a Cayman Islands company, whereas the previous filings had stated (without mention of that dispute) that such appraisal rights do not exist. It also disclosed additional information about the valuation, or lack thereof, performed by parties to the merger.

      On August 6, 2020, counsel for Quadre issued a press release providing the mandatory notice required by the Private Securities Litigation Reform Act of 1996, which notice stated, *inter alia*, that the Supplement "correctly stated that Quadre believes that the Action has 'been rendered moot' by the additional documents.'"

**Labaton Sucharow**

Hon. Lewis J. Liman
October 20, 2020
Page 2


After the filing of the Supplement, Quadre's counsel began negotiating whether Defendants would pay Quadre's counsel's reasonable attorneys' fees in connection with the benefit conferred. On October 1, 2020, an agreement on that issue was reached, such that certain Defendants agreed to pay a fixed sum to Quadre's counsel. Defendants have transferred that sum to counsel for Quadre, and that money is being held in escrow. The money will only be released to Plaintiff's counsel if the Court enters the forthcoming proposed order.

## II.     Considerations Relevant to Dismissal

Federal Rule of Civil Procedure 41(a)(1) permits voluntary dismissal without a court order upon the filing of a notice of dismissal, because no opposing party has filed an answer or a motion for summary judgment. Rule 41(a)(2) governs voluntary dismissal pursuant to a court order. We request voluntary dismissal pursuant to court order. We are not aware of any party that opposes this dismissal and no other party has appeared in this Action.

We have chosen to seek a Court order voluntarily dismissing the Action (as opposed to filing a notice of voluntary dismissal), out of an abundance of caution, in light of the fact that certain Defendants have voluntarily agreed to pay an agreed upon amount for Quadre's counsel's attorney's fees. We believe a fee is appropriate in this case where Plaintiff's counsel has conferred a benefit in the case. *Chen v. Select Income REIT*, No. 18-CV-10418 (GBD) (KNF), 2019 WL 6139014, at *15-19 (S.D.N.Y. Oct. 11, 2019) (finding attorneys' fees are appropriate where plaintiff conferred a substantial benefit, even in cases governed by the Private Securities Litigation Reform Act of 1996 and even where there was no monetary recovery); *Zalvin v. Gentex Corp.*, No. 19-CV-2215 (RRM) (RML), 2020 WL 2542451, at *2 (E.D.N.Y. May 18, 2020) (recognizing fees may be paid where there was a supplemental disclosure, even where dispute was voluntarily dismissed); *see also Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391-97 (1970) ("the importance of fair and informed corporate suffrage leads to the conclusion that . . . private stockholders' actions of this sort 'involve corporate therapeutics,' and furnish a benefit to all shareholders by providing an important means of enforcement of the proxy statute").

We submit that this approach to fee award agreements is appropriate. By first litigating and resolving the merits and then negotiating fees, the risk that a desire for fees could bias counsel's attempt to secure substantial disclosure is mitigated. By then privately negotiating the payment of fees, the need for the Court to retain jurisdiction to resolve a fee dispute in a mooted action is obviated, and thus, the strong judicial preference for settlement is advanced. *Exp.-Imp. Bank of Republic of China v. Cent. Bank of Liberia*, No. 1:15-cv-09565 (ALC), 2017 WL 6398726, at *2 (S.D.N.Y. Dec. 13, 2017) ("There is a strong public policy in this Circuit in favor of the settlement of disputes."*); TBK Partners, Ltd. v. W. Union Corp.*, 675 F.2d 456, 461 (2d Cir. 1982) (noting the "paramount policy of encouraging settlements"); *In re Tronox Inc.*, 855 F.3d 84, 106 (2d Cir. 2017) (recognizing a "strong judicial policy in favor of settlements").

**Labaton Sucharow**

Hon. Lewis J. Liman
October 20, 2020
Page 3

  For the foregoing reasons, Plaintiff respectfully requests that the Court enter the forthcoming proposed order for voluntary dismissal.

DATED: October 20, 2020          Respectfully submitted,

                  **LABATON SUCHAROW LLP**

                  /s/ *Carol C. Villegas*
                  Carol C. Villegas
                  Mark D. Richardson
                  Jake Bissell-Linsk
                  140 Broadway
                  New York, New York 10005
                  Telephone: (212) 907-0700
                  Facsimile: (212) 818-0477
                  cvillegas@labaton.com
                  mrichardson@labaton.com
                  jbissell-linsk@labaton.com

                  *Counsel for Quadre Investments, L.P.*