```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
QUADRE INVESTMENTS L.P,                                          :
                                                                 :
                        Plaintiff,                               :
                                                                 :       20-cv-5551 (LJL)
       -v-                                                       :
                                                                 :       ORDER
SKY SOLAR HOLDINGS, LTD., et al.                                 :
                                                                 :
                        Defendants.                              :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/4/2020

LEWIS J. LIMAN, United States District Judge:

Plaintiff Quadre Investment, L.P. ("Quadre") brought this putative class action against Sky Solar Holdings, Ltd. ("Sky Solar"), alleging that Sky Solar had made false statements and omissions in a Tender Offer Statement on Schedule TO and Transaction Statement on Schedule 13E-3 in violation of Section 13(e) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 13e-3 promulgated thereunder.  Dkt. No. 1 ("Compl."). Sky Solar is a China-based company incorporated in the Cayman Islands. Compl. at 1, 4.  On July 6, 2020, certain investors and investment firms (some of whom are named as defendants) who formed as an Offeror Group launched a tender offer for Sky Solar's American Depositary Shares ("ADS") traded on NASDAQ, declaring their intention that if they obtained 90% ownership of Sky Solar through the tender offer, they would acquire the remaining shares through a short-form merger. Compl. ¶ 39. The complaint alleges that the SEC filings made by the Offeror Group in connection with the tender offer were false and misleading in two respects. First, they indicated that shareholders who did not tender their shares would not have appraisal rights in the follow-on short-form merger. Compl. ¶ 4. Second, Defendants "have provided shareholders with zero information related to the valuation of their shares," and have failed to disclosed financial projections, a discounted cash flow analysis, a banker's book, or any other of the information customarily provided for investors to review in considering the fairness of a Tender Offer or Merger." Compl. ¶ 5. The complaint is brought on behalf of a putative class of all holders of publicly traded Sky Solar ADS at the time of the filing of the complaint. Compl. at 1. No answer has been filed in the action and no further activity has been docketed in the case aside from the service of Defendants.

On October 20, 2020, Plaintiffs filed a proposed order dismissing the claims under Fed. R. Civ. P. 41(a)(2), Dkt. No. 42, along with a letter explaining the proposed order. Dkt. No. 41. Although the plaintiff has the right to dismiss the action without a court order, the parties seek the Court's imprimatur and signature. The dismissal would be with prejudice with respect to Quadre but without prejudice as to any other party. Dkt. No. 41 at 1. The letter explains that the parties reached a settlement under which Defendants would disclose in a Supplement to be filed

with the SEC and made available to the holders of the ADS "that there is a dispute regarding the existence of appraisal rights in the situation of a 'short-form' merger of a Cayman Islands company" and "additional information about the valuation, or lack thereof, performed by parties to the merger." *Id*.  The letter indicates that, after the parties agreed upon the relief to be provided to the Plaintiff, they also discussed reasonable attorneys' fees and that the settlement also included "reasonable attorneys' fees in connection with the benefit conferred." *Id*. at 2.  It holds out that procedure as exemplary in assuring the Court that the settlement was not collusive and will not inspire parties to bring other such litigation not for the purpose of obtaining relief but simply to extort a settlement primarily for attorneys' fees by a defendant more anxious to ensure that its corporate transaction is not disrupted than interested in defending its conduct.

Because the parties seek Court approval, the Court will hold a telephonic conference in connection with this matter on November 17, 2020 at 3:00 p.m.  The parties are directed to call (888) 251-2909 and use access code 2123101.

In advance of that conference, and by no later than November 13, 2020, Plaintiff is directed to submit the following to the Court by a filing on ECF: (1) the original SEC filings alleged to be deficient; (2) the corrective Supplement; and (3) a short affidavit laying out the sequence of events with respect to the settlement and specifically that the relief was agreed upon before there was any agreement with respect to attorneys' fees.  There is no request that the Court itself award attorneys' fees or determine that the agreed attorneys' fees are reasonable and the parties therefore need not submit any information about the amount of attorneys' fees agreed to be paid.

SO ORDERED.

Dated: November 4, 2020
      New York, New York

                                      LEWIS J. LIMAN
                                United States District Judge